IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MALCOLM C. MOFFETT #606860, | § | |
| | § | |
| V. | § | A-10-CA-676 SS |
| | § | |
| BRYAN COLLIER, CHRISTINA | § | |
| MELTON CRAIN, STUART JENKINS and | § | |
| BRAD LIVINGSTON, | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 (Clerk's Dkt. # 7-8, 31); Plaintiff's Motion for Class Certification (Clerk's Dkt. #9); Defendants' Motion for Summary Judgment (Clerk's Dkt. #25); and Plaintiff's Motion for Summary Judgment and Response to Defendant's Motion for Summary Judgment (Clerk's Dkt. #30). Plaintiff, proceeding *pro se*, has been granted leave to proceed *in forma pauperis*. After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

**I. BACKGROUND**

In 1992, Plaintiff Malcolm C. Moffett ("Moffett") pleaded guilty to burglary of a building, which he committed on November 29, 1990. (Def. Mot. for Summ. Jt. Ex. A at 2-3). He was

sentenced to twelve years confinement. (*Id.*). In 1995, Moffett was found guilty of murder, which he committed on August 5, 1994. (*Id.* at 5-6). He was sentenced to twenty-five years confinement. (*Id.*). The twenty-five year sentence was ordered to run consecutively to the twelve-year sentence imposed for the burglary. (*Id.*). According to Defendants, Moffett discharged his twelve-year sentence on November 12, 2003. (*Id.* at 7). Moffett began serving his murder sentence thereafter. (*Id*. at Ex. B).

On September 9, 2010, the Court received Moffett's complaint filed pursuant to 42 U.S.C. § 1983, naming as defendants: (1) Bryan Collier, in his official capacity as Director of the Texas Board of Criminal Justice; (2) Christina Melton Crain, in her official capacity as Chair of the Texas Board of Criminal Justice; (3) Stuart Jenkins, in his official capacity as Director of the Parole Division the Texas Board of Criminal Justice; and (4) Brad Livingston, in his official capacity as Executive Director of the Texas Board of Criminal Justice. The complaint was returned to Moffett, because the complaint was not signed. Moffett returned a signed copy of the complaint on September 23, 2010. Moffett alleges he is a "class of one" for the purposes of equal protection. He contends: (1) the failure of Defendants to release him on parole fifteen years after he began serving his sentence violates Texas law and his constitutional rights; (2) Defendants did not provide notice of consideration for release on parole or mandatory supervision in violation of due process; (3) he is not correctly receiving bonus or blood donation time credits; and (4) application of statutes and procedures relating to parole eligibility enacted after 1965 violate the Double Jeopardy and *Ex Post Facto* clauses.

Both Defendants and Moffett have now filed motions for summary judgment. Defendants assert Moffett has failed to exhaust his administrative remedies. Alternatively, they contend Moffett

2

has failed to establish a violation of his constitutional rights. Moffett, in turn, argues Defendants have not shown the application of parole procedures to him is constitutional. He further argues he does not have to exhaust a TDCJ remedy when there is no avenue for him to challenge a statute.

## II. STANDARD OF REVIEW

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Int'l Shortstop, Inc. v. Rally Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. *Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 433 (5th Cir. 1995); FED. R. CIV. P. 56.[1]

Both movants and non-movants bear burdens of proof in the summary judgment process. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. *Id.* at 322, 106 S. Ct. at 2552. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. *Id.* at 323-24, 106 S. Ct. at 2554. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that

---

[1]Effective December 1, 2010, Rule 56 was amended. Although there is a slight language change and a change in the designation of subsections, the legal standard remains the same. *See* FED. R. CIV. P. 56(a) (eff. Dec.1, 2010) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

there is a genuine issue for trial." *Id.* at 324, 106 S. Ct. at 2553. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. *Tubacex v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita*, 475 U.S. at 586, 106 S. Ct. 1356)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. *Blackwell v. Barton*, 34 F.3d 298, 301 (5th Cir. 1994).

### III. ANALYSIS

Moffett's claims are founded on his interpretation of a section in the Texas Penal Code. Specifically, he cites the following provision:

> (a) A person adjudged guilty of an offense under this code shall be punished in accordance with this chapter and the Code of Criminal Procedure, 1965.
>
> (b) Penal laws enacted after the effective date of this code shall be classified for punishment purposes in accordance with this chapter.

TEX. PENAL CODE ANN. § 12.01 (Vernon Supp. 1993). Subpart a was amended, effective September 1, 1994, to remove "1965." Acts 1993, 73rd Leg., ch. 900, § 1.01.

It is undisputed that consideration of Moffett's eligibility for parole has been under portions of the Texas Code of Criminal Procedure enacted after 1965. In pertinent part, those provisions state:

4

> A parole panel is authorized to release on parole any person confined in any penal or correctional institution who is eligible for parole under this section. . . .
>
> If a prisoner is serving a sentence for the offenses listed in Subdivision (1)(A), (C), (D), (E), (F), or (G) of Section 3g(a), 42.12 of this code, or if the judgment contains an affirmative finding under Subdivision (2) of Subsection (a) of Section 3g of that article, he is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-half of the maximum sentence or 30 calendar years, whichever is less . . .

TEX. CODE. CRIM. PROC. ANN. art. 42.18 § 8(a)-(b) (Vernon Supp. 1994), effective September 1, 1993, repealed by Acts 1997, 75th Leg., ch. 165, § 12.22. Murder is listed in article 42.12 section 3g. *Id*. art. 42.12 § 3g(a)(1)(A).

Moffett maintains the reference to the 1965 version of the Code of Criminal Procedure in the Penal Code at the time he committed his offense mandates application of the parole provisions contained therein to him. Specifically, he cites the following provision:

> The Board is hereby authorized to release on parole, with the approval of the Governor, any person confined in any penal or correctional institution of this State, except persons under sentence of death, who has served one-fourth of the maximum sentence imposed, provided that in any case he may be paroled after serving fifteen years. Time served shall be a total calendar time served an all credits allowed under the laws governing the operation of the Department of corrections, and executive clemency. All paroles shall issue upon order of the Board, duly adopted and approved by the Governor.

TEX. CODE CRIM. PROC. ANN. art. 42.12 § 15 (Vernon Supp. 1992). Moffett contends this provision requires the parole board to release him because he has served the requisite fifteen years. He maintains their failure to do so: (1) violates due process because he was not provided notice he would be subject to any other parole laws; (2) violates equal protection because he is not being treated similarly to persons convicted previously; and (3) violates his protections against double jeopardy and *ex post facto* application of the laws.

5

### A. Due Process

Moffett argues he was denied due process because he was not provided notice of the law under which he would be considered for parole eligibility. However, the United States Constitution does not create a liberty interest in parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 2104 (1979). Nor does Texas law create a liberty interest that is protected by the Due Process Clause in parole because granting parole is discretionary. *See Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995) (Texas parole statutes do not confer liberty interest). Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (Texas prisoners cannot mount challenge against any state parole review procedure on procedural or substantive due process grounds); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995) (because Texas prisoner has no liberty interest in obtaining parole, he cannot complain of constitutionality of procedural devices attendant to parole decisions).

Parole is a privilege, not a right, even after an inmate accrues the minimum amount of time-served credit necessary to be eligible for parole. *See* 37 TEX. ADMIN. CODE § 145.3(1) ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law"). *See also Greenholtz*, 442 U.S. at 7, 99 S. Ct. at 2104 (convicted persons have no constitutional right to be conditionally released before expiration of valid sentence). Thus, an inmate who has met the minimum requirement for time served under the applicable parole eligibility statute is not automatically entitled to be released on parole; rather, he is only entitled to a review to determine whether or not he will be released on parole. *See* 37 TEX. ADMIN. CODE § 145.3(1) (parole decision

maker vested with complete discretion to grant or deny parole release). Because Moffett has no liberty interest in obtaining parole in Texas, he cannot establish any claim for violation of due process in the procedures attendant to parole decisions. Accordingly, he has failed to establish he is entitled to relief on the basis of a violation of the Due Process Clause.

**B.     Equal Protection**

Moffett also argues he is not being treated the same for parole purposes as inmates who were convicted of offenses committed in 1965. The basis of an equal protection claim is the requirement that all persons similarly situated should be treated alike. *City of Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 439, 105 S. Ct. 3249, 3254 (1989); *Plyler v. Doe,* 457 U.S. 202, 216, 102 S. Ct. 2282, 2394 (1982); *Piotrowski v. City of Houston,* 237 F.3d 567, 578 n.15 (5th Cir. 2001). To establish an equal protection claim, a plaintiff must demonstrate that: (1) the state created two or more classifications of similarly situated prisoners that were treated differently; and (2) the classification had no rational relation to any legitimate governmental objective. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 1075 (2000) (plaintiff alleging equal protection claim must show he has been intentionally treated differently from others similarly situated and there is no rational basis for difference in treatment).

Moffett's argument rests on a novel view of equal protection. That is, he maintains all prisoners, regardless of the date each committed his criminal offense, are "similarly situated." Moffett provides no legal authority for this proposition. Moreover, it is an undeniable fact that legislatures regularly alter the consequences of the commission of criminal offenses, indeed alter whether an act is considered criminal or not, over time. Accordingly, the undersigned declines to find Moffett has established an equal protection violation on this *basis. C.f. F.C.C. v. Beach*

7

*Commc'ns, Inc.*, 508 U.S. 307, 313, 113 S. Ct. 2096, 2101 (1993) ("equal protection is not a license for courts to judge the wisdom, fairness, or logic of legislative choices").

Moffett also suggests he is not receiving "bonus" or "blood donation" time credits. He has not, however, cited any provision of Texas law which would entitle him to receive such credits.[2] Nor has Moffett identified any other similarly situated inmate who is receiving such credits. *See Armstead v. Scott*, 250 F.3d 740 (5th Cir. 2001) (unpublished) (rejecting equal-protection allegations as conclusory); *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986) (plaintiff in section 1983 action must state specific facts, not merely conclusory allegations, to support claim). Accordingly, he has failed to establish any claims implicating the Equal Protection Clause.

C. ***Ex Post Facto* Clause**

Moffett also challenges the failure of Defendants to release him on parole under the *Ex Post Facto* Clause. As set forth above, he maintains he should be subject to the provisions of the 1965 version of the Code of Criminal Procedure, rather than the version in effect at the time he committed his offense.

Article I, Section 10 of the United States Constitution provides, "no State . . . shall pass any . . . *ex post facto* law." U.S. CONST art. I, § 10. The *Ex Post Facto* Clause "protects liberty by preventing governments from enacting statutes with 'manifestly unjust and oppressive' retroactive effects." *Stogner v. California*, 539 U.S. 607, 611, 123 S. Ct. 2446, 2449 (2003) (quoting *Calder v. Bull*, 3 Dall. 386, 291 (1798)). More simply, the *Ex Post Facto* Clause is designed "to bar enactments which, by retroactive operation, increase the punishment for a crime after its

---

[2] The undersigned notes the Supreme Court did recognize Nebraska law at one time permitted parole authorities to consider "blood time" earned by prisoners for donating blood. *See Wolf. v. McDonnell*, 418 U.S. 539, 546 n.6, 94 S. Ct. 2963, 2970 n.6 (1974).

8

commission." *Garner v. Jones*, 529 U.S. 244, 249, 120 S. Ct. 1362, 1367 (2000). *See also Collins v. Youngblood*, 497 U.S. 37, 43 110 S. Ct. 2715, 2719 (1990) (under *Ex Post Facto* Clause, "[l]egislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts"). Retroactive changes to laws governing parole of prisoners may, in some cases, violate the *Ex Post Facto* Clause. *Garner*, 529 U.S. at 250, 120 S. Ct. at 1367.

The Supreme Court has made clear that "[c]ritical to relief under the *Ex Post Facto* Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." *Weaver v. Graham*, 450 U.S. 24, 30, 101 S. Ct. 960, 965 (1981). In Moffett's case, he does not deny the Texas legislature had amended the Code of Criminal Procedure prior to the date he committed his offense. Nonetheless, he contends the reference in the Texas Penal Code to the 1965 version compels application of prior law to his offense. Moffett does not, however, provide any case law or other support for his reading of the statute. *See McElyea v. Quarterman*, 2007 WL 196529, at *2 n.1 (N.D. Tex. Jan. 22, 2007) (rejecting similar argument as legally unsupported). Because there is no evidence that changes in state law regarding parole eligibility have been retroactively applied to Moffett, he has failed to demonstrate a viable constitutional claim for a federal *ex post facto* violation against Defendants. The summary judgment evidence clearly shows Moffett's parole eligibility date is being calculated in accordance with the parole statute in effect at the time his offense was committed.

**D.     Double Jeopardy**

Moffett finally suggests the application of parole eligibility provisions enacted after 1965 to him is a violation of the Double Jeopardy Clause. The Double Jeopardy Clause protects against a

second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *United States v. Ursery*, 518 U.S. 267, 273, 116 S. Ct. 2135, 2139-40 (1996). As noted above, parole in Texas is a privilege, not a right. Because Moffett has no right to release on parole, he wholly fails to explain how parole eligibility provisions act as an additional punishment. *See Crow v. Quarterman*, 2008 WL 3539738, at *9 (S.D. Tex. Aug. 13, 2008) (absent allegations showing actual sentence increased improperly or punishment imposed twice for same offense, double jeopardy claim is without merit). *See also Averhart v. Tutsie*, 618 F.2d 479, 483 (7th Cir. 1980) (protections found in Double Jeopardy Clause not triggered by denial of parole because "[r]ather than constituting another punishment for the same offense, the denial of parole merely perpetuates the status quo: the prisoner remains incarcerated under a validly imposed sentence"); *Gross v. Quarterman*, 2007 WL 4411755, at *12 (S.D. Tex. Dec. 17, 2007) (denial of parole not additional punishment for original offense). Accordingly, Defendants' motion for summary judgment should be granted.[3]

## IV. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **GRANT** Defendants' Motion for Summary Judgment (Clerk's Dkt. #25), **DENY** Plaintiff's Motion for Summary Judgment (Clerk's Dkt. #30), and **DISMISS** Plaintiff's Motion for Class Certification (Clerk's Dkt. #9).

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

---

[3] Because the Court recommends granting summary judgment on the merits, the Court need not address the exhaustion of administrative remedies.

being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of June, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE